124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Curtis HENDERSON, Petitioner-Appellant,
v.
Keith O. NELSON, Respondent-Appellee.
 No. 96-1802.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 25, 1997.*
Decided July 30, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 
 
 2
 Before POSNER, Chief Judge, EASTERBROOK, Circuit Judge and MANION, Circuit Judge
 
 ORDER
 
 3
 Curtis Henderson appeals the denial of his third petition for a writ of habeas corpus. 28 U.S.C. § 2254. We affirm.
 
 
 4
 Henderson, then age 15, was convicted of murder and armed robbery in 1972 and sentenced to serve 40 to 80 years' imprisonment. Originally he was remanded to the Juvenile Division of the Department of Corrections, but when he turned 17, in 1974, the Juvenile Division petitioned the court to transfer him to an adult prison. The petition was granted, and Henderson was transferred. The Illinois Appellate Court affirmed the transfer. People v. Henderson, 351 N.E.2d 23, 235 (Ill.App.Ct.1976). Henderson did not file a petition for leave to appeal to the Supreme Court of Illinois.
 
 
 5
 Henderson subsequently filed a state post-conviction proceeding and, in federal court, two petitions for a writ of habeas corpus, one pro se in 1979 and the second counseled in 1984. All the petitions, which attacked various aspects of his original trial and sentencing, were denied; the first habeas decision was not appealed, but this court affirmed the denial of the later petition. Henderson v. Thieret, 859 F.2d 492, 500 (7th Cir.1988).
 
 
 6
 Henderson filed his third petition for a writ of habeas corpus in 1993 (thus making the amendments of the Antiterrorism and Effective Death Penalty Act of 1996 inapplicable here, Lindh v. Murphy, 65 U.S.L.W. 4557, 1997 WL 338568, at * 6 (U.S. June 23, 1997)). He reargued several claims that had been raised in his second habeas petition and added new claims stemming from his 1974 transfer hearing. The district court held that it could not readjudicate issues already raised and decided during the second habeas action and that the new claims were barred as an abuse of the writ. Henderson appeals.
 
 
 7
 Henderson contends that counsel in his second habeas petition was ineffective for not arguing all possible issues before this court on appeal, 859 F.2d at 496, and such ineffective assistance constitutes cause to allow him to pursue the abandoned claims in this third petition. Petitioners do not have a constitutional right to counsel in collateral proceedings, however, and thus ineffective assistance of counsel does not constitute cause for failure to argue claims during a habeas proceeding. Coleman v. Thompson, 501 U.S. 722, 755 (1991); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir.1991). The claims were properly dismissed.
 
 
 8
 Henderson further argues that the transfer proceeding was a separate action for which he could have filed a separate habeas petition, and thus the new claims do not qualify as an abuse of the writ. We agree with the district court that Henderson could and should have raised claims related to the transfer proceeding in his first petition. Our examination of Illinois law indicates that Illinois considers a transfer hearing as part of sentencing: it is the sentencing court which retains jurisdiction over the hearing, IIl.Rev.Stat. ch. 38, p 1003-10-7 (since recodified at 730 ILC § 5/3-10-7), and the transfer hearing proceeded in the sentencing court under the same case number as the original proceedings. Henderson's claims, based on a 1974 hearing and a 1976 appeal, were readily available to him at the time of his first habeas petition. In addition, before filing his federal cases Henderson was on notice that the transfer proceeding could be considered an extension of sentencing, because that was exactly how the Illinois Appellate Court characterized the hearing. See Henderson, 351 N.E.2d at 234. As with his other arguments, Henderson cannot rely upon ineffective assistance of habeas counsel to show cause for his failure to present these claims previously. Lacking cause, his assertion of these claims at this late date constitutes art abuse of the writ. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P, 34(a); Cir. R. 34(f)